IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTISS JEMISON
#P03564,
    Plaintiff,

vs.                                                    Case No. 3:10cv266/MCR/EMT

CMDR. HEMPHILL, et al.
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted by separate order.

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 5–6). Section IV(A), asks the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (Complaint, p. 5). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?"

Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no."

On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*, p. 6). On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 1 at 8).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent

verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed Jemison v. Cannady, Case No. 5:05cv154/SPM/EMT in this district court.[2] This case was dismissed for Plaintiff's failure to comply with an order of the court on March 23, 2006 (*see* Case No. 5:05cv154/SPM/EMT, Docs. 13, 14, & 15). Plaintiff did not list this case in Section IV of his complaint (*see* Doc. 1 at 5–6), even though it qualified as a federal court action that is responsive to both Question C and Question D and should have been included in Plaintiff's answers. Similarly, Plaintiff filed the case Jemison v. Laminike, Case No. 1:99cv182/MMP/WCS, which was also dismissed for failure to comply with an order of the court (*see* 1:99cv182/MMP/WCS, Docs. 7, 8 & 9). This case also should have been listed in Section IV of the complaint form.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his incomplete and thus untruthful responses,

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). These searches routinely encompass more than one jurisdiction.

[2] According to the docket, the inmate number of the plaintiff in Case No. 5:05cv154/SPM/EMT (#03564) is the same as Plaintiff's.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL" (*see* Doc. 1 at 5) (emphasis and capitalization in original).

there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4] Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* United States v. Roberts, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement regarding prior filings that was made on pleading filed in federal court); Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as malicious.

At Pensacola, Florida, this 28th day of July, 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:10cv266/MCR/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**